### ABRAHAM WISH *vs.* MARYLAND CASUALTY COMPANY.

Suffolk. November 14, 1927. — January 6, 1928.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & SANDERSON, JJ.

*Contract,* What constitutes, Modification. *Bond,* Of indemnity.

An action against a surety company was upon a bond, executed by it as surety and by a certain corporation as principal and indemnifying the plaintiff against loss "on account of the failure of" the corporation named as principal "to meet within twenty (20) days after maturity any promissory note or notes which shall have been . . . pledged, discounted, or re-discounted with the Obligee by the Principal and endorsed by the Principal, provided each note is one of a series given by the purchaser of a motor vehicle to cover the deferred payments of the purchase price and is secured by a contract of bailment, conditional sale or chattel mortgage of such motor vehicle, and provided a certificate of acceptance of such notes, signed by a duly authorized representative of the Surety, be delivered to the Obligee . . . ." Evidence at the trial showed that, after the execution of the bond, the incorporator of the principal organized a second corporation through which he did business in a nearby city and that the plaintiff had suffered loss by reason of default in payment of notes, not of the principal named in the bond, but of the second corporation. A representative had signed in the surety company's name a "certificate of acceptance" at the bottom of a schedule listing the notes. There was no evidence warranting a finding that any one with authority from the surety company agreed to a modification of the bond so that it would cover losses to the plaintiff by reason of defaults of the second corporation, nor that the surety company had notice that the notes were not notes of the principal named in the bond. *Held,* that it was proper to order a verdict for the defendant.

CONTRACT upon a bond described in the opinion. Writ in the Municipal Court of the City of Boston dated November 18, 1926.

On removal to the Superior Court, the action was tried before *Greenhalge*, J.

Exhibit 3 was a schedule in seven columns, the heading of which was as follows:

MARYLAND CASUALTY COMPANY
BALTIMORE, MD.

| Make Mtr. Vehicle | Motor No. | Name of Maker | S. P. | Bal. unpaid | No. & Amt. Each Monthly Payment | Due Date Monthly Payment |
|---|---|---|---|---|---|---|
| | | | | | | |

There were eighteen items in the schedule. Nowhere upon it did any of the names, O'Brien Motor Company, or W. T. O'Brien, Jr., Co., or J. A. MacRae, or Joseph Rosen, or W. T. O'Brien appear. At the bottom of the schedule was the following:

ACCEPTANCE OF SCHEDULE BY MARYLAND CASUALTY COMPANY, BALTIMORE, MD.

This certifies that the above mentioned are hereby accepted by the undersigned Maryland Casualty Co. as notes covered by a certain bond given by the said Maryland Casualty Co. dated            in the penal sum of $25,000. securing Mr. Wish, the obligee, against loss arising from default of Walter T. O'Brien, Jr., and Joseph Rosen, as in said bond provided.

MARYLAND CASUALTY COMPANY,
By Henry W. Webster

Other material evidence and rulings by the judge are stated in the opinion. The judge ordered a verdict for the defendant and reported the action to this court for determination.

*W. Hirsh*, for the plaintiff.

*G. F. Garrity*, for the defendant.

CROSBY, J. This is an action on a bond in which the plaintiff is the obligee, W. T. O'Brien, Jr. Co., a corporation, is principal, and the defendant is surety. The pertinent condition of the bond is that the plaintiff is indemnified against loss not exceeding $25,000 "on account of the failure of W. T. O'Brien, Jr. Co., W. T. O'Brien, Pres. &

Joseph Rosen, Treas. hereinafter referred to as the Principal, to meet within twenty (20) days after maturity any promissory note or notes which shall have been . . . pledged, discounted, or re-discounted with the Obligee by the Principal and endorsed by the Principal, provided each note is one of a series given by the purchaser of a motor vehicle to cover the deferred payments of the purchase price and is secured by a contract of bailment, conditional sale or chattel mortgage of such motor vehicle, and provided a certificate of acceptance of such notes, signed by a duly authorized representative of the Surety, be delivered to the Obligee, showing the name of the maker of each series of such notes and the aggregate amount thereof, the endorsers, if any, and the name and number of the motor vehicle in connection with which such notes shall have been given, and provided the Obligee shall not permit the aggregate of the principal amount of all notes covered hereunder to exceed Twenty Five Thousand Dollars ($25,000)." The bond is dated August 20, 1925. Paragraph four limits the defendant's liability to eighty per cent of any loss occurring thereunder.

This action is brought to recover the sum of $103.26, the same being eighty per cent on six promissory notes, given in connection with the purchase of four automobiles from the O'Brien Motor Company, a corporation, and indorsed by the O'Brien Motor Company, J. A. MacRae, treasurer, and W. T. O'Brien, Jr., which notes were discounted by the plaintiff.

There was evidence that in June or July, 1925, the plaintiff applied to one Burnes, an insurance agent, for a bond to cover him against loss in his business of discounting notes; that at that time Joseph Rosen and W. T. O'Brien, Jr. were engaged in the business of selling automobiles, as copartners, under the firm name of Rosen & O'Brien; that after several conferences with the plaintiff and one Kolb, who represented the home office of the defendant, Burnes, with whom the plaintiff placed his insurance, issued a bond similar to the one in suit, which was executed naming the plaintiff as obligee, Rosen & O'Brien as principal, and the defendant as surety. In October, 1925, the business of Rosen &

O'Brien was incorporated under the name of W. T. O'Brien, Jr. Co., and upon written application duly made to the defendant and approved by its home office, the name of the principal on the bond was changed from Rosen & O'Brien to W. T. O'Brien, Jr. Co. It is the bond upon which the action is brought.

In April, 1926, another corporation known as the O'Brien Motor Company was formed which was engaged in the business of selling automobiles in Cambridge, and in the conduct of its business it took the notes declared on in this action and they were discounted by the plaintiff. The plaintiff testified that after this new corporation was formed he told one Edson, an employee in Burnes's office, that O'Brien was opening a branch office in Cambridge, and inquired whether notes of the O'Brien Motor Company taken from his office would be covered by the bond; and he was afterwards informed by Edson "that it was all right." Edson testified that Sinclair, the assistant manager of the defendant's bonding department, told him in substance that the bond would cover all notes accepted by the defendant at any of its places of business and discounted by the plaintiff. The defendant was not informed that the O'Brien Motor Company was a corporation separate and distinct from the corporation known as the W. T. O'Brien, Jr. Co., nor was an application ever made to the defendant for a bond covering notes accepted and discounted by the O'Brien Motor Company.

It was the practice that all notes discounted would be listed in schedules and submitted to the defendant, which signed the schedules accepting the notes covered by the bond. The notes in suit are listed in schedule Exhibit 3 of the record. At the close of the evidence the following issue was submitted to the jury: "When the schedule, Exhibit 3, was accepted by the defendant, was the defendant advised that the notes sued upon were not the notes of the W. T. O'Brien, Jr. Company?" The answer was in the affirmative, whereupon the judge directed a verdict for the defendant.

By the terms of the bond the defendant agreed to indemnify the plaintiff for loss on account of the failure of the

W. T. O'Brien, Jr. Co. to pay the notes indorsed by it and discounted by the plaintiff. The principal of the bond is the W. T. O'Brien, Jr. Co. The names of W. T. O'Brien, president, and Joseph Rosen, treasurer, are merely descriptive of the officers of the principal named in the bond. There is no evidence to show that an application was ever made to the defendant to change the principal named in the bond from the W. T. O'Brien, Jr. Co. to the O'Brien Motor Company. Sinclair testified that, so far as he could recall, it was not brought to his attention that any of the notes listed in the schedules were those of the O'Brien Motor Company or that there was anything in the schedules to indicate that they were in fact notes of that company. If this testimony were disbelieved, still there was no evidence to the contrary. There is no evidence to show that the terms of the bond were changed in any way by any writing to that effect. If it could have been found that the witness Sinclair agreed to change the name of the principal in the bond, there is no evidence whatever to warrant a finding that he had authority to do so. When the name of the principal in the original bond was changed from Rosen & O'Brien, a partnership, to W. T. O'Brien, Jr. Co., a corporation, it was upon a written application made by the O'Brien company, and was assented to at the home office of the defendant at Baltimore. There is no evidence to show that such a change could lawfully have been made by any agent or official of the defendant elsewhere. There was nothing in the testimony of Sinclair by reason of the telephone conversation with Edson, the employee of Burnes, to indicate that Sinclair knew that any notes of the O'Brien Motor Company had been discounted or that that company was mentioned. Sinclair testified that he understood from the conversation with Edson that the branch office which was to be opened was a branch office of W. T. O'Brien, Jr. Co., when as matter of fact it was the O'Brien Motor Company, a different corporation. If the acceptance of schedule Exhibit 3 by the indorsement of the defendant thereon amounted to a change in the principal of the bond and included the personal indorsements of the officers as individuals, or if the schedules or notes charged

the defendant with notice, such acceptance was limited, as it was stated to be an acceptance "as in said bond provided," and the bond covered only default on the part of W. T. O'Brien, Jr. Co., the principal named in the bond.

There is no evidence in the record to warrant the finding of the jury that, when the schedule was accepted by the defendant, the defendant was advised that the notes sued upon were not the notes of the W. T. O'Brien, Jr. Co. There was nothing in the schedule to charge the defendant with notice; nor was there anything in the schedule to show that any notes of the O'Brien Motor Company had been discounted except in the notes themselves, and there is no evidence that these notes were ever seen by the defendant. It could not have been found that the parties made a subsequent oral agreement providing for a change in the principal of the bond which was entered into by any authorized representative of the defendant.

In accordance with the terms of the report, judgment is to be entered for the defendant on the verdict.

*So ordered.*